UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
CHRISTINE BERNARD,                    :      CASE NO. 4:06-CV-2007
                                          :
          Plaintiff,                       :
                                          :      OPINION & ORDER
vs.                                          :
                                          :      [Resolving Docs. No. 4, 6]
MAHONING COUNTY COURT OF     :
COMMON PLEAS, JUVENILE        :
DIVISION, et al.,                        :
                                          :
          Defendants.                 :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this motion, the Court decides whether this action should be remanded to state court upon the plaintiff's argument that this case presents no federal question sufficient to support jurisdiction.

On August 4, 2006, Plaintiff Christine Bernard ("Bernard") filed her Complaint in the Mahoning County Court of Common Pleas. [Doc. 1-2.] Her claims involve allegations of employment discrimination based on disability. *Id.* On August 22, 2006, Defendants Mahoning County Court of Common Pleas, Juvenile Division, et al. ("Juvenile Division") removed the case to this Court on the basis of federal question jurisdiction. [Doc. 1-1.] Specifically, Defendants alleged that Bernard's Complaint contained a federal claim pursuant to 42 U.S.C. § 2000(e)-5(k), the section of Title VII which allows for recovery of attorney's fees and costs. *Id.* Bernard moves to remand her case and seeks the award of $752.50 in attorney's fees incurred by her as a result of Defendants' removal action. [Docs. 3-3, 6 at Exh. 3.]

-1-

Case No. 4:06-CV-2007
Gwin, J.

As discussed below, the Court finds that it lacks federal question jurisdiction over this case. The Court also finds that Defendants did not fairly support their removal with applicable law. As a result, the Court **GRANTS** Plaintiff's motion and remands this case to state court and awards Plaintiff with attorney's fees in the amount of $752.50.

I. Background

Bernard's Complaint presents three counts. [Doc. 1-2.] Count One alleges employment discrimination based on disability in violation of Ohio law. *Id.* Count Two alleges failure to accommodate in violation of Ohio law. *Id.* Count Three alleges wrongful discharge in violation of Ohio's public policy and common law. *Id.* Under Count Three, Bernard also states "Plaintiff is entitled to recover her attorney's fees and costs pursuant to § 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200(e)(5)(k) [sic]." *Id.* Bernard's Complaint explicitly states that she is not pursuing and does not intend to pursue a federal claim. *Id.*

Defendants removed Bernard's lawsuit to this Court on the basis of federal question jurisdiction. [Doc. 1-1.] With its petition for removal, Defendants stated "because Plaintiff's Complaint presents a cause of action pursuant to 42 U.S.C. § 200(e)(5)(k) [sic], Plaintiff's Complaint is proper for removal to this Court." *Id.* Defendants also recognize that "Plaintiff aggressively advocates that there is no federal cause of action and that her claims are only under state law." *Id.*

Bernard responded to Defendants' removal action with the instant Motion to Remand. [Doc. 4.] Bernard argues that her Complaint is entirely premised on Ohio law, including Count Three's claim for wrongful discharge. *Id.* Bernard says that she does not bring Count Three under Title VII, but merely relies on the federal statute as indicating public policy support for her Ohio tort claim.

-2-

Case No. 4:06-CV-2007
Gwin, J.

*Id.* Bernard cites case law finding that this type of claim does not form the basis for federal question jurisdiction, including *Strong v. Print U.S.A, Ltd.* (Wells, J. ), 230 F. Supp. 2d 798 (N.D. Ohio 2002) and *Curtis Sanders v. Shred-It U.S.A., Inc.* (Gaughan, J.), Case No. 1:03-CV-313 (N.D. Ohio April 9, 2003). [Docs. 3-1, 3-2, 6.] Bernard seeks attorney's fees and costs in the amount of $752.50 in connection with the removal as permitted by 28 U.S.C. § 1447(c). [Docs. 3, 6.]

## II.  Legal Standard

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking removal bears the burden of establishing federal question jurisdiction. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).

A case "arises under" federal law:

> only when the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or the Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States.

*Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). This requirement is known as the "well-pleaded complaint rule." *See, e.g.*, *Kerr-McGee Chem. Corp. v. Illinois*, 459 U.S. 1049 (1982) (citation to *Mottley* omitted).

Further, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Instead, the cause of action must contain a "substantial" federal issue. *Id.* at 813-14. It is well-settled that a request for attorney's fees under Title VII "does not present a substantial, disputed

-3-

Case No. 4:06-CV-2007
Gwin, J.

question of federal law" and does not, standing alone, create federal question jurisdiction. *Strong v. Print U.S.A., Ltd.* (Wells, J.), 230 F. Supp. 2d 798, 801 (N.D. Ohio 2002). *See also Sanders v. Shred-It-U.S.A., Inc.* (Gaughan, J.), Case No. 1:03-CV-313 (N.D. Ohio April 9, 2003); *Guciardo v. Thistledown Race Track* (Aldrich, J.), Case No. 1:02-CV-489 (N. D. Ohio May 1, 2002); *Berriker v. Nat'l City Bank* (Oliver, J.), Case No. 1:00-CV-1668 (N.D. Ohio July 26, 2000).

Under the well-pleaded complaint rule, the plaintiff is mistress of her complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Supreme Court does not allow a defendant to foist federal jurisdiction onto a plaintiff's complaint: "the question whether a party claims a right under the constitution or laws of the United States is to be ascertained by the legal construction of its own allegation, and not by the effect attributed to those allegations by the adverse party." *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 460 (citation omitted). Further, a defendant cannot "create removal jurisdiction merely by raising a federal question as a defense." *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 344 (6th Cir. 1989) (citation omitted).

If a federal court determines that a case does not raise a substantial federal question, it must remand the case. 28 U.S.C. § 1447(c). Likewise, if a party improperly removes a case to federal court, the court must remand the case back to the appropriate state court. 28 U.S.C. § 1447(d). If a federal court is in doubt of its jurisdiction, it must resolve such doubt in favor of state court jurisdiction. *See, e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990). Because the removal statutes implicate federalism concerns, a court must narrowly construe the statutes against removal. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

Case No. 4:06-CV-2007
Gwin, J.

An order remanding a case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). An award of attorney's fees is justified when the defendant's removal action is not fairly supported by applicable law. *Ahearn*, 100 F.3d at 456. Such an award is within the court's discretion. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238 (6th Cir. 1993). A court abuses its discretion by refusing to award fees where the defendant's argument for removal is devoid of even fair support. *Ahearn*, 100 F.3d at 456-57.

### III. Analysis

This case does not raise a substantial federal question that confers jurisdiction upon the Court. Further, Defendants' removal action is not fairly supported by applicable law.

Bernard does not assert a federal cause of action in her Complaint. Instead, she relies on Ohio law as the source of each of her three claims against the Juvenile Division. Count Three, Bernard's only allegation that references federal law, is premised on the Ohio common law tort of wrongful discharge in violation of the state's public policy. Therefore, it is Ohio law, not Title VII, that creates the cause of action in Count Three. Bernard's references to Title VII do not transform the claim into a federal cause of action. They merely incorporate the Civil Rights Act as one source of Ohio's public policy against employment discrimination based on disability. *See, e.g.*, *Strong*, 230 F. Supp. 3d at 800 (citation omitted).

Further, Bernard makes it explicit that Ohio law is the basis of her entire lawsuit against the Juvenile Division. The relevant portion of Paragraph Six of the Complaint reads:

> No claim or cause of action herein is made to assert any right, question, issue or cause of action under any federal law of the United States. It is the specific intention of Plaintiff to litigate her claims and causes of action in the Court of the State of Ohio.

Case No. 4:06-CV-2007
Gwin, J.

[Doc. 1-2 at 2.]

Far from making a well-pleaded federal complaint, Bernard "specifically eschews and rejects" any implication that her Complaint against the Juvenile Division involves federal law. *Id.* She "announces and asserts, in advance, that she is not pursuing and has never intended to pursue such a claim, right or cause of action under any federal law of the United States." *Id.* The Court is impressed with Plaintiff's emphatic allegiance to Ohio law.

In contrast, the Juvenile Division attempts to foist federal jurisdiction on Bernard's public policy claim against them. Defendants ignore the fact that Bernard premises Count Three on the Ohio Revised Code § 4112 and the state's common law. In their Petition for Removal, Defendants say that "unless federal law is implicated, Plaintiff will not be able to litigate the relief that she is seeking." [Doc. 1-1 at 2.]

Defendants are incorrect. The basis of Bernard's wrongful discharge claim is Ohio common law and public policy. As a result, Count Three does not require the support of a disputed federal question. On its face, Count Three refers to the Ohio Revised Code and Ohio common law and merely identifies Title VII as a source of Ohio's public policy against disability discrimination. In the Sixth Circuit, "there is no federal question jurisdiction when the complaint on its face state[s] alternate theories supporting a state-law claim, at least one of which does not involve a federal question." *Long*, 201 F.3d at 760. Because Bernard's public policy claim states both state and federal law theories, "it is clear that the resolution of a federal question is not necessary or essential to the resolution of [her] wrongful discharge claim." *Id.* at 761.

Bernard's request for attorney's fees under Title VII does not alter this analysis. The request neither presents a substantial, disputed question of federal law, nor transforms Bernard's Ohio public

-6-

Case No. 4:06-CV-2007
Gwin, J.

policy claim into a federal question. This issue is well-settled. *See, e.g.*, *Strong*, 230 F. Supp. 2d at 800-01 (citing *Berriker* and *Guciardo*); *Sanders v. Shred-It-U.S.A.*, Case No. 1:03-CV-313 (April 9, 2003).

Therefore, Defendants' removal action is not fairly supported by applicable law. Further, the Court has reviewed the Plaintiff's attorney's fees incurred on August 24, September 11, and September 12, 2006. [Docs. 3-3, 6 at Exh. 3.] The Court finds that Plaintiff's counsel sufficiently itemizes these costs, which adequately describe the legal work undertaken to counter Defendants' removal action. Thus, in its discretion, the Court awards Bernard her requested attorney's fees in the amount of $752.50. *Id.*

## IV. Conclusion

The Court finds that it lacks jurisdiction over this case and Defendants did not fairly support their removal by applicable law. As a result, the Court **GRANTS** Plaintiff's motion and remands this case to state court and awards attorney's fees in the amount of $752.50.

IT IS SO ORDERED.

Dated: September 20, 2006              s/ *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE